THOMAS, Judge,
concurring in part and concurring in the result.
I agree that the summary judgment in favor of J & J Properties (“J & J”) should be affirmed. I concur in the main opinion insofar as it concludes that the Leeths waived any challenge to the summary judgment on their counterclaims other than their retaliatory-eviction counterclaim. However, because my review of the record and of the applicable statutory provisions convinces me that the Leeths failed to present substantial evidence to overcome J & J’s motion for a summary judg *181 ment on the Leeths’ retaliatory-eviction counterclaim, I concur in the result reached in the main as to the propriety of the summary judgment on the Leeths’ retaliatory-eviction counterclaim.
The Leeths relied on Ala.Code 1975, § 35-9A-501(a)(l) and (2), which prohibit retaliatory conduct by a landlord when a tenant has complained to certain entities about certain deficiencies or problems that affect health and safety. Those subsections read as follows:
“(a) Except as provided in this section, a landlord may not retaliate by discriminatorily increasing rent or decreasing services or by bringing or threatening to bring an action for possession because:
“(1) the tenant has complained to a governmental agency charged with responsibility for enforcement of a building or housing code of a violation applicable to the premises materially affecting health and safety; [or]
“(2) the tenant has complained to the landlord of a violation under Section 35-9A-204.”
Under Ala.Code 1975, § 35-9A-204:
“(a) A landlord shall:
“(1) comply with the requirements of applicable building and housing codes materially affecting health and safety;
“(2) make all repairs and do whatever is necessary to put and keep the premises in a habitable condition;
[[Image here]]
“(4) maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, air-conditioning, and other facilities and appliances, including elevators, supplied or required to be supplied by the landlord....”
The problems that the Leeths complained of to J & J and the governmental agencies discussed in the main opinion were primarily the presence of allegedly “toxic mold” and alleged problems with either the ventilation system or the structural integrity of the apartment such that the Leeths’ apartment was often faced with an influx of cigarette and other smoke from adjoining apartments. J & J presented evidence in support of its motion for a summary judgment indicating that the apartment did not suffer from any ventilation or structural deficiencies; the Leeths presented no evidence creating a genuine issue of material fact that such deficiencies existed other than testimony from Mrs. Leeth indicating that smoke had entered the apartment. In addition, the Leeths failed to present evidence indicating that their health and safety had been materially affected by the presence of smoke that might have invaded their apartment.
J & J also presented as evidence in support of its summary-judgment motion an affidavit from an inspector stating that no mold was present in the apartment. The Leeths presented evidence in the form of Mrs. Leeth’s deposition testimony indicating that mold was present on certain walls, but the Leeths presented no evidence indicating that the mold Mrs. Leeth saw on the walls was “toxic” other than hearsay testimony that a fireman had indicated to Mrs. Leeth that the mold was “toxic,” and could be causing the Leeths’ health problems. Thus, I conclude that the Leeths failed to present evidence indicating that the possible presence of mold of which the Leeths complained materially affected their health and safety.
For these reasons, I concur in the result reached by the main opinion respecting the Leeths’ retaliatory-eviction claim.